# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. WILLIAMS, | No. 2:18-CV-1902-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| MATTILLON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges Defendants allowed his private information including health care and medical records, birthdate, social security number, family names, addresses, and phone numbers, to be stolen and used by others for personal gain. Plaintiff contends that this violated the Fourth and Eleventh Amendments to the United States Constitution, California Health and Safety Code § 1280.15, and the California Constitution.

///
///
///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named two Defendants: (1) Dr. Mittillon and (2) J. Lewis. Plaintiff alleges Defendants failed to protect and keep secure an unencrypted laptop that was stolen out of Defendant Mittillon's vehicle. Plaintiff contends that this allowed his private information, including health care and medical records, birthdate, social security number, family names, addresses, and phone numbers, to be stolen. Plaintiff alleges Defendant J. Lewis failed to set forth secure save and protect policies, procedures, and protocols, to keep Plaintiff's information safe. Plaintiff asserts this led to accounts being open and closed in his name. This, Plaintiff asserts was a violation of the Fourth and Eleventh Amendments to the United States Constitution, California Health and Safety Code § 1280.15, and the California Constitution.

## III. ANALYSIS

Plaintiff fails to state a cognizable claim upon which relief can be granted. Plaintiff asserts two constitutional grounds for his claim: (1) the Fourth Amendment and (2) the Eleventh Amendment. The Fourth Amendment provides protections against the unlawful searches and seizures of an individual's person and property by the government. U.S. CONST. amend. IV. It is unclear from the complaint how the alleged data breach violated Plaintiffs right under the Fourth Amendment as there seems to be no allegation of an unlawful governmental search or an unlawful governmental seizure of Plaintiff's person or property. The Eleventh Amendment provides immunity to States from suits brought in federal court. U.S. CONST. amend. XI. As Plaintiff is not a state or a state representative it is unclear how the application of the Eleventh Amendment is relevant to any of the allegations here. The remaining grounds for relief are a California Health and Safety Code and the California Constitution, both state grounds, of which this court does not have jurisdiction to address absent proper pendent jurisdiction, which is not present here. See 28 U.S.C. § 1367. As such Plaintiff has failed to state a claim upon which relief can be granted and thus Plaintiff's claim cannot proceed past screening. Plaintiff will be provided an opportunity to amend the complaint to see if he can state a cognizable federal constitutional claim against the Defendants.

## IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

4

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: April 8, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE